UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SYLVIA LYND P.,

                Plaintiff,

   v.                                                      1:23-CV-946
                                                    (BKS/DJS)
MARTIN O'MALLEY,

                Defendant.
_____

**APPEARANCES:**                              **OF COUNSEL:**

HILLER COMERFORD               JUSTIN M. GOLDSTEIN, ESQ.
Attorney for Plaintiff
6000 North Bailey Avenue - Suite 1A
Amherst, New York 14226

U.S. SOCIAL SECURITY ADMIN.     FERGUS J. KAISER, ESQ.
OFFICE OF GENERAL COUNSEL
Attorney for Defendant
6401 Security Blvd.
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[1]

     Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Dkt. No. 1. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 11, 14-15. For the reasons set forth below, the Court recommends that Plaintiff's Motion for Judgment on the Pleadings be granted and Defendant's Motion be denied.

## I. RELEVANT BACKGROUND

### A. Background

Plaintiff was born in 1970. Dkt. No. 8, Admin. Tr. ("Tr."), p. 40. Plaintiff reported having completed a bachelor's degree at the State University of New York at Albany. *Id.*; Tr. at p. 316. Plaintiff had past work experience as a court clerk, teacher's aide, and in the food service industry. Tr. at p. 316-317. Plaintiff alleged disability based upon Post-Traumatic Stress Disorder, Panic Disorder, Severe Anxiety Disorder, Trauma and Stress Related Disorder, Persistent Complex Bereavement Disorder, Depression, Vision Impairment, Bilateral Knee Arthritis, High Blood Pressure, and Obesity. Tr. at p. 315. Plaintiff applied for disability and disability insurance benefits on September 6, 2020. *See* Tr. at p. 107. She alleged a disability onset date of January 23, 2019, which was later amended to July 13, 2020. Tr. at pp. 39 & 108. Plaintiff's application was initially denied in January 2021, Tr. at pp. 88-106, and upon reconsideration on March 1, 2021. Tr. at pp. 108-127. She then requested a hearing before an Administrative Law Judge ("ALJ"). Tr. at pp. 151-152. The hearing took place before ALJ Brian LeCours on December 3, 2021, at which Plaintiff and a vocational expert testified. Tr. at pp. 34-86. On December 22, 2021, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at

pp. 17-28. On June 6, 2023, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

### B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 13, 2020, the alleged onset date. Tr. at p. 19. Second, the ALJ found that Plaintiff had the following severe impairments: arthritis of the hips and knees, asthma, anxiety, depression, and post-traumatic stress disorder. *Id.* Third, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). Tr. at pp. 20-21. Fourth, the ALJ found that Plaintiff has the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except she can stand and walk 4 hours out of an 8-hour day and sit for 6 hours out of an 8-hour day; occasionally balance, stoop, kneel, crouch, crawl, and climb stairs, ladders, ropes or scaffolds. She can perform tasks that can be learned within six months; she can occasionally interact with the general public.

Tr. at p. 21. Fifth, the ALJ found that Plaintiff was unable to perform her past relevant work. Tr. at p. 26. Sixth, the ALJ found that based upon Plaintiff's age, education, and functional abilities there were jobs in the national economy she could perform. Tr. at pp. 26-28. As a result, the ALJ found that Plaintiff was not disabled. Tr. at p. 28.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that

which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial

gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

## III. ANALYSIS

Plaintiff raises three issues for the Court's consideration. First, she contends that the ALJ erred in his evaluation and consideration of disability findings from the United States Veterans Administration. Dkt. No. 11, Pl.'s Mem. of Law at pp. 11-18. Second, Plaintiff alleges that the ALJ erred in his evaluation of various medical opinions in the record. *Id.* at pp. 18-25. Finally, Plaintiff alleges that the Appeals Council erred with respect to declining to consider a February 2022 opinion. *Id.* at pp. 21-22. In response, Defendant submits that the ALJ need not have considered findings from other agencies, that the medical opinions were properly evaluated, and that the Appeals Council properly declined to consider additional evidence offered by Plaintiff. Dkt. No. 14, Def.'s Mem. of Law, pp. 5-18. Having reviewed the record and considered the

arguments of the parties, the Court concludes that remand is required to provide the ALJ an opportunity to more fully explain the determination that the Plaintiff is not disabled.

### A. Consideration of Disability Findings by the Veterans Administration

Plaintiff takes issue first with the ALJ's purported failure to appropriately weigh a prior finding by the Veterans Administration that Plaintiff was unable to work. Pl.'s Mem. of Law at pp. 11-18. As Defendant points out, however, 20 C.F.R. § 404.1504 specifically provides that "for claims filed . . . on or after March 27, 2017, [Defendant] will not provide any analysis in our determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether [a claimant is] disabled." Since this claim was clearly filed after that date, the ALJ was under no obligation to consider the prior findings at all. To the extent this is inconsistent with prior Second Circuit caselaw that such a disability finding is entitled to some weight, *see Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013), the Court notes that Plaintiff has not challenged the legality of this regulation. "New regulations at variance with prior judicial precedents are upheld unless 'they exceeded the Secretary's authority or are arbitrary and capricious.'" *Schisler v. Sullivan*, 3 F.3d 563, 568 (2d Cir. 1993) (quoting *Heckler v. Campbell*, 461 U.S. 458, 466, 466–68 (1983)). Absent such a challenge, the Court concludes that this claim is no basis for remand. *Alexis R. v. Kijakazi*, 2022 WL 4298361, at *5-6 (D. Conn. Sept. 19, 2022).

## B. Evaluation of the Medical Opinions

Plaintiff next objects to the ALJ's consideration of various medical opinions. Pl.'s Mem. of Law at pp. 18-25. Upon review of the opinions and the ALJ's decision, the Court agrees that remand for a more fulsome discussion is required.

"[I]t was within the ALJ's purview to review the opinions of record and weigh them accordingly along with Plaintiff's testimony, reports, and treatment history to determine her RFC." *Nesiba O. v. Comm'r of Soc. Sec.*, 2019 WL 464882, at *7 (N.D.N.Y. Feb. 6, 2019); *see also Jennifer Lee W. v. Berryhill*, 2019 WL 1243759, at *6 (N.D.N.Y. Mar. 18, 2019) (it is the ALJ's role "to choose between properly submitted medical opinions."). In doing so, the ALJ "must provide sufficient explanation to allow a reviewing court to trace the path of the adjudicator's reasoning." *Nunez v. Comm'r of Soc. Sec.*, 2024 WL 474045, at *22 (S.D.N.Y. Jan. 8, 2024), *report and recommendation adopted*, 2024 WL 262793 (S.D.N.Y. Jan. 24, 2024) (internal quotation and alteration omitted). Put another way, "[t]he ALJ must build an accurate and logical bridge from the evidence to the conclusion to enable a meaningful review." *Paige G.P. v. O'Malley*, 2024 WL 2027634, at *3 (N.D.N.Y. Mar. 18, 2024), *report and recommendation adopted sub nom. Paige P. v. Comm'r of Soc. Sec.*, 2024 WL 2023502 (N.D.N.Y. May 6, 2024) (internal quotations and alterations omitted). The ALJ did not do so here.

The ALJ's discussion of the medical opinions is brief. As to Doctors Rashid and Azad, the ALJ makes generalized conclusions without any significant discussion of the findings of either. *See* Tr. at p. 25. The ALJ found Dr. Rashid's opinion that Plaintiff

8

suffered from mental impairments that precluded her from working, Tr. at p. 376, was "not persuasive" because the record established that although Plaintiff had "some limitations due to her mental symptoms . . . it does not direct an inability to function." Tr. at p. 25. The decision, however, does not identify what those limitations are, despite having found that Plaintiff suffers from depression, anxiety, and PTSD. Tr. at pp. 19 & 25. The ALJ found Dr. Azad's opinion persuasive because it was consistent with objective findings, but made no effort to describe why that was so or to "identify the specific objective findings to which he referred." *Jackson v. Kijakazi*, 588 F. Supp. 3d 558, 586 (S.D.N.Y. 2022).

The ALJ also found the opinion of Dr. Azad persuasive in that it demonstrated a limited ability to lift, carry, ambulate, and perform other postural movements. *Id.* He did not, however, discuss how he ultimately reached limitations in the RFC. Dr. Azad, for example, found Plaintiff had "mild limitations standing." Tr. at p. 661. Dr. Cecil opined that Plaintiff could stand for only 15 minutes at a time. Tr. at p. 678. The RFC ultimately found that Plaintiff could stand for 4 hours. Tr. at p. 21. Nothing in the ALJ's decision explains how the ALJ arrived at that finding. For example, "it is not obvious that a mild limitation on sitting translates into a set number of hours," *Cooper v. Saul*, 444 F. Supp. 3d 565, 579 (S.D.N.Y. 2020), and so the ALJ has some obligation to articulate how he synthesized the various opinions to reach his RFC finding. "Eschewing rote analysis and conclusory explanations, the ALJ must discuss the crucial factors in any determination . . . with sufficient specificity to enable the reviewing court

to decide whether the determination is supported by substantial evidence." *Puckett v. Berryhill*, 2018 WL 6625095, at *9 (S.D.N.Y. July 13, 2018) (internal quotation omitted). This record does not demonstrate that that occurred here.

The decision also does not undertake to perform the type of evaluation of the consistency and supportability of the opinions that the regulations require. A conclusory analysis of these factors "precludes the Court from undertaking meaningful review" of the ALJ's decision. *Jaleesa H. v. Comm'r of Soc. Sec.*, 2022 WL 174337, at *6 (W.D.N.Y. Jan. 18, 2022); *see also William B. J. v. Comm'r of Soc. Sec.*, 2022 WL 344059, at *5 (N.D.N.Y. Feb. 4, 2022). Indeed, "[c]ourts in this Circuit have remanded when the ALJ failed to address either supportability or consistency." *William B. J. v. Comm'r of Soc. Sec.*, 2022 WL 344059, at *5. "To properly analyze consistency, the ALJ must conduct an all-encompassing inquiry focused on how well a medical source is supported, or not supported, by the entire record." *Darrell J. v. Comm'r of Soc. Sec.*, 2024 WL 2028022, at *2 (N.D.N.Y. Mar. 8, 2024), *report and recommendation adopted*, 2024 WL 2023369 (N.D.N.Y. May 6, 2024) (internal quotation omitted). "The supportability factor measures whether the medical opinion is supported by objective medical evidence and accompanying explanations." *Darla W. v. Comm'r of Soc. Sec.*, 2021 WL 5903286, at *8 (N.D.N.Y. Dec. 14, 2021). The decision before the Court does not fully consider the relationship of the various medical opinions to each other despite the fact that "[b]oth supportability and consistency in part require comparison of the medical opinions with other medical sources." *James W. v. Kijakazi*, 2022 WL 685288,

10

at *3 (N.D.N.Y. Mar. 8, 2022) (quoting *Mark K. v. Comm'r of Soc. Sec.*, 2021 WL 4220621, at *4 (W.D.N.Y. Sept. 16, 2021)). "[I]t is not sufficient for an ALJ to merely discuss other medical sources at some point in the decision." *Kathleen A. v. Comm'r of Soc. Sec. Admin.*, 2022 WL 673824, at *6 (N.D.N.Y. Mar. 7, 2022). "Thus, an ALJ must specifically set forth how they considered the consistency of a medical opinion in the analysis of the medical opinion, not merely refer to the other medical evidence at some point in the decision." *Id.* The ALJ did not do so here, and remand is required as a result to enable the ALJ to more fully explain the basis for his findings.

### C. Consideration by the Appeals Council

In seeking review of the ALJ's decision by the Appeals Council, Plaintiff proffered a second medical opinion by Dr. Shahzad Rashid. Tr. at pp. 8-10. That report was dated February 8, 2022, which was about one and half months after the ALJ's decision. The Appeals Council did not consider the opinion because it concluded that the opinion "does not show a reasonable probability that it would change the outcome of the decision." Tr. at p. 2.

"The Appeals Council is obligated to consider 'new and material evidence.'" *Stratton v. Colvin*, 51 F. Supp. 3d 212, 218 (N.D.N.Y. 2014) (citing 20 C.F.R. § 404.970(b)). "New evidence is 'material' if it is: '(1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative.'" *Id.* (quoting *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004)). "When addressing the Appeals Council's consideration of new evidence, the Court must consider whether evidence is

11

new and material, *i.e.*, was likely to affect the ALJ's determination." *Karen R. v. Berryhill*, 2019 WL 1284250, at *8 (N.D.N.Y. Mar. 20, 2019) (citing *Brown ex rel. S.W. v. Astrue*, 2008 WL 3200246, at *14 (N.D.N.Y. Aug. 5, 2008)).

The Court disagrees that "the evidence at issue – [an] opinion[] from Plaintiff's treating physician[] identifying limitations in excess of those found by the ALJ - is [] so clearly immaterial on its face that the Court can determine on its own review that it could [] not have changed the ALJ's determination." *Lekia Monique M. v. Comm'r of Soc. Sec.*, 2022 WL 4298262, at *4 (W.D.N.Y. Sept. 19, 2022). The "opinion clearly states 'at least one limitation' inconsistent with both the record and maintaining competitive employment, as time spent off task or absent likely impacts what employment is available to Plaintiff." *Dalton G. v. Comm'r of Soc. Sec.*, 2023 WL 6889773, at *4 (N.D.N.Y. Oct. 19, 2023) (quoting *Samantha D. v. Comm'r of Soc. Sec.*, 2020 WL 1163890, at *9 (N.D.N.Y. Mar. 11, 2020)).

As noted, the Appeals Council declined to consider the new evaluation based solely on a finding that it would not likely have changed the outcome. Tr. at p. 2. Defendant relies on the purported duplicative nature of Dr. Rashid's second opinion, the lack of good cause for submitting the opinion after the ALJ's decision, and the lack of clarity about the time period applicable to the opinion as grounds for not considering it. Def.'s Mem. of Law at pp. 16-18. The Appeals Council, however, referenced none of these. Tr. at p. 2. "[T]he Second Circuit has explained that a reviewing court may not accept appellate counsel's post hoc rationalizations for agency action." *Lekia*

12

*Monique M. v. Comm'r of Soc. Sec.*, 2022 WL 4298262, at *4 (internal quotations, citations, and alterations omitted). The Court, therefore, does not consider these alternative grounds for affirming the Appeals Council's finding.

## IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **REMANDED pursuant to sentence four** for further proceedings; and it is

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72

& 6(a).

Dated: July 15, 2024
   Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge